UNITED STATES DISRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

| | |
|---|---|
| CHRISTINE SIEVERS, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: |
| REDDY ICE CORPORATION, | ) |
| Defendant. | ) |

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, CHRISTINE SIEVERS (hereinafter "Plaintiff" or "Sievers"), and files her complaint against Defendant, REDDY ICE CORPORATION, (hereinafter "Defendant" or "Reddy Ice"), and states the following:

## NATURE OF THE CLAIMS

1. This is an action for monetary damages, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq*. ("Title VII") and the Florida Civil Rights Act of 1992, Fla. Stat. §§ 760.10, *et seq*. (hereinafter "FCRA") to redress Defendant's unlawful employment practices against Plaintiff, including Defendant's unlawful discrimination and retaliation against Plaintiff because of her sex leading to her unlawful termination.

## JURISDICTION AND VENUE

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under Title VII.

3. This Court has supplemental jurisdiction over Plaintiff's FCRA claims pursuant to 28 U.S.C. § 1367(a) because they arise from the same common nucleus of operative fact as Plaintiff's federal claims.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district.

## THE PARTIES

5. Plaintiff, Sievers, is a citizen of the United States, and was at all times material, a citizen of the State of Florida residing in St. Lucie County, Florida.

6. Defendant, Reddy Ice, is a Foreign For-Profit Corporation with its principal place of business in Dallas Texas.  Defendant does business in this District of Florida at 2901 Industrial Ave 2, Fort Pierce, Florida, 34946.

7. Defendant is an employer as defined by the laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

8. Plaintiff has complied with all statutory prerequisites to filing this action.

9. On March 2, 2017, Plaintiff dual-filed a claim with the Florida Commission on Human Relations (hereinafter the "FCHR") and the Equal Employment Opportunity Commission (hereinafter the "EEOC"), against Defendant, satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e), based on sex and retaliation. The EEOC assigned Plaintiff's March 2, 2017, filing charge number 510-2017-01953.

10. Plaintiff's EEOC charge was filed within three hundred (300) days after the alleged unlawful employment practices occurred.

11. Upon information and belief a duplicate charge was filed with the EEOC on or around July 11, 2018 for which the EEOC assigned charge number 510-2018-05648.

12. On February 14, 2019, the EEOC issue to Plaintiff a Dismissal and Notice of Rights for duplicate Charge number 510-2018-05648.

13. On March 21, 2019, the EEOC issued to Plaintiff a Dismissal and Notice of Rights for Charge number 510-2017-01953.

14. This Complaint was filed within ninety (90) days of Plaintiff's receipt of both of the EEOC's Dismissal and Notice of Rights.

## FACTUAL ALLEGATIONS

15. Plaintiff is a Caucasian female.

16. Plaintiff worked for Defendant as a Helper, a Driver and ultimately earned the position of Lead Driver. Plaintiff worked in a distribution warehouse and in the field fulfilling deliveries and servicing customers. Her job duties included but were not limited to loading thousands of pounds of ice into delivery trucks, ensuring prompt delivery of the ice to customers, servicing ice machines, answering service calls, and planning delivery routes.

17. During her tenure, Plaintiff was subjected to discrimination because of her sex and retaliation for raising her concerns about the disparate treatment she received.

18. Plaintiff worked in a predominantly male dominated work environment.  Plaintiff was the only female employee working at Defendant's 2901 Industrial Ave 2, Fort Pierce, Florida, 34946 location.

19. Defendant often assigned Plaintiff "double routes" meaning she would have to complete not only her route but the route of another driver. Defendant forced Plaintiff to complete

these "double routes" and her regular routes without the assistance of a helper, while helpers were readily provided to male Drivers.

20. As a Driver, Plaintiff often reached out to her Supervisor, Mike Woods, male, and Manager, Tim Leonard, male, to request the assistance of a helper as it was customary for male Drivers to receive assistance from helpers. However, due to her sex, Plaintiff's requests were repeatedly denied by Mr. Wood.

21. Defendant's Chief Operating Officer, David Jones, conducted a site visit and met with Plaintiff. Plaintiff shared with Mr. Jones that Mr. Woods repeatedly denied her the assistance of a helper and treated her in a disparate manner.

22. Upon information and belief, Mr. Jones discussed Plaintiff's concerns with Mr. Wood. Mr. Jones also demoted Mr. Wood from his position as Routing Supervisor to Lead Driver, decreasing his pay rate. Soon after, Mr. Wood resigned.

23. In an effort to remedy Mr. Wood's discriminatory treatment of Plaintiff, Mr. Jones promoted Plaintiff to the position of Lead Driver and provided her with a helper. However, due to her sex, Defendant did not raise Plaintiff's pay commensurate with that of a Lead Driver.

24. Plaintiff was successful in the Lead Driver position until Defendant re-hired Mr. Wood.

25. Immediately upon his return to work for Defendant, Mr. Wood's harassment of and disparate and discriminatory treatment of Plaintiff escalated. In retaliation for raising her concerns to Mr. Jones, Mr. Wood demoted Plaintiff from Lead Driver back to the position of Driver and took her helper away. Mr. Wood also removed Plaintiff's access to her work-related email which was an essential part of her communications with Defendant's customers and excluded her from meetings which she regularly attended following his resignation.

26. Mr. Wood issued Plaintiff three retaliatory write-ups within a period of three months. The first of which was issued to Plaintiff for going over her Department of Transportation ("DOT") hour limits; however, it was commonplace for male employees to exceed their DOT hour limits without discipline or consequence; second, Mr. Wood falsely accused Plaintiff of being "disrespectful" to a trainee; and the third write-up, Mr. Wood falsely accused Plaintiff of not reporting an accident involving the pallet-jack, which was cited as the basis for Plaintiff's termination.

27. Mr. Wood regularly called Plaintiff "Stupid" and "Ignorant," and would make vulgar comments to her such as "Fuck you," and "You are fucking stupid." Mr. Wood did not treat male employees in this manner. Mr. Wood further directed Plaintiff's male co-workers to isolate and ignore Plaintiff by encouraging Plaintiff's male co-workers to respond to Plaintiff's requests with "I don't have to listen to you" and "I can load my truck however I want to." Plaintiff raised her concerns with her male co-worker's hostility and harassment to Mr. Wood. Mr. Wood responded by directing Plaintiff to "Get in your truck and do your deliveries," dismissing her concerns.

28. In further retaliation, Mr. Wood began to target, micromanage, and harass Plaintiff with regard to how she backed her truck up, how she cleaned her truck, and how she used machinery. None of which were at issue before his resignation and none of which were flagged for her male co-workers who engaged in the same behavior.

29. As further evidence of Defendant's discriminatory animus towards Plaintiff, male employee John McCain, Driver, was involved in an accident with Defendant's property but was not disciplined or terminated. Upon information and belief, Mr. McCain was also issued a ticket for texting while driving, an egregious offense, but was not disciplined or terminated.

30. Plaintiff's work environment was becoming more and more unbearable. In a good faith effort to remediate the situation Plaintiff reached out to Mr. Wood directly. Plaintiff simultaneously contacted Human Resources as she was eager to remedy the situation, eliminate the discrimination, and stop the disparate treatment she was enduring.

31. Before Human Resources was able to return Plaintiff's call, Plaintiff met with Mr. Wood. The meeting left Plaintiff believing the situation had been resolved as the two were able to discuss their concerns. Plaintiff was hopeful the situation would improve.

32. However, that was not so and approximately two weeks later Defendant terminated Plaintiff, citing the pretextual reason that she did not report an accident involving the pallet-jack; which is false as Plaintiff immediately reported the accident to Mr. Wood as per policy and he advised her how to proceed.

33. Plaintiff has been harmed by Defendant's illegal conduct.

34. Mr. Wood's pervasive discrimination, harassment, and retaliation combined with the hostile work environment caused Plaintiff to develop anxiety and she now suffers from anxiety attacks. Subsequent to her unlawful termination Plaintiff's anxiety and anxiety attacks have become so severe that she has been forced to seek medical treatment. Plaintiff continues treatment with a mental health counselor to date.

### Count I: Sex Based Discrimination in Violation of Title VII

35. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-34 above.

36. At all times relevant to this action, Plaintiff was in a protected category under Title VII because of her sex, female.

37.     Defendant is prohibited under Title VII from discriminating against Plaintiff because of her sex with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

38.     Defendant violated Title VII by unlawfully terminating and discriminating against Plaintiff based on her sex.

39.     Defendant intentionally discriminated against Plaintiff on the basis of her sex.

40.     As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

41.     Defendant's unlawful conduct in violation of title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

## Count II: Retaliation in Violation of Title VII

42.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-34 above.

43.     Plaintiff engaged in protected activity under Title VII on more than one occasion while employed by Defendant.

44.     Defendant engaged in intentional retaliation against Plaintiff for her participation in protected activity.

45. Defendant's conduct violated Title VII.

46. Plaintiff has satisfied all statutory prerequisites for filing this action.

47. Defendant's discriminatory conduct, in violation of Title VII, has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which she is entitled to damages.

48. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

49. Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling him to punitive damages.

**Count III: Sex Based Discrimination in Violation of the FCRA**

50. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-34 above.

51. At all times relevant to this action, Plaintiff was in a protected category under the FCRA because of her sex, female.

52. Defendant is prohibited under the FCRA from discriminating against Plaintiff because of her sex with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

53. Defendant violated the FCRA by unlawfully terminating and discriminating against Plaintiff based on her sex.

54. Defendant intentionally discriminated against Plaintiff on the basis of her sex.

55. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the FCRA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to

depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

56. Defendant's unlawful conduct in violation of the FCRA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

### Count IV: Retaliation in Violation of the FCRA

57. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-34 above.

58. Plaintiff engaged in protected activity under the FCRA on more than one occasion while employed by Defendant.

59. Defendant engaged in intentional retaliation against Plaintiff for her participation in protected activity.

60. Defendant's conduct violated the FCRA.

61. Plaintiff has satisfied all statutory prerequisites for filing this action.

62. Defendant's discriminatory conduct, in violation of the FCRA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which she is entitled to damages.

63. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

64. Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling her to punitive damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, and prejudgment interest thereon;

b) Grant Plaintiff her costs and an award of reasonable attorneys' fees (including expert fees); and

c) Award any other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:

*/s/ Abby D. Salzer*
Abby D. Salzer
Florida Bar No.: 591475
**Spielberger Law Group**
4890 W. Kennedy Blvd.
Suite 950
Tampa, Florida 33609
T: (800) 965-1570 ext. 104
F: (866) 580-7499
Abby.Salzer@spielbergerlawgroup.com

*Counsel for Plaintiff*